UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 11251 NG

BRADFORD STAPLES,
    Plaintiff,

MAGISTRATE JUDGE _____

V.

NEW JERSEY PROPERTY
LIABILITY AND INSURANCE
GUARANTY ASSOCIATION,
    Defendant.

DOCKET NO.

RECEIPT # _____
AMOUNT $250
SUMMONS ISSUED Yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____
DATE 6/10/05

COMPLAINT AND JURY DEMAND

The Plaintiff, Bradford Staples, by and through his attorneys, SWARTZ MCKENNA & LYNCH, LLP, for his causes of action against the above-named Defendant alleges and states that he sustained serious injuries, including permanent blindness in his right eye, as a result of being struck by a tractor trailer insured by a New Jersey corporation, Security Indemnity Insurance Company (hereinafter "Security Indemnity").

On or around February 17, 2004, a default judgment was entered for the Plaintiff in the amount of $1,413,059.96 plus interest. Plaintiff sought enforcement of the judgment from Security Indemnity, however Security Indemnity was declared insolvent on or around June 30, 2004. As a result, the New Jersey Property Liability and Insurance Guaranty Association (hereinafter "NJPLIGA") statutorily assumes the responsibility and liability of the insolvent insurer, Security Indemnity. NJPLIGA has failed to honor the judgment against Security Indemnity's insured despite the clearly stated statutory duty to do so.

The Plaintiff respectfully requests this Court reach and apply the amount due to Plaintiff by NJPLIGA pursuant to Mass. Gen. Laws ch. 214, § 3. The Plaintiff additionally respectfully requests this Court make a binding declaration pursuant to Mass. Gen. Laws ch. 231A, § 1, et seq. as to the rights of Bradford Staples and the February 17, 2004 judgment.

The Plaintiff further alleges and states as follows:

1. The Plaintiff, Bradford Staples is a Massachusetts resident who lives in Quincy, County of Norfolk, Commonwealth of Massachusetts.

2. At all times relevant, Security Indemnity Insurance Company (hereinafter "Security Indemnity"), was the liability insurance carrier for P&A Logistics, Inc. Security Indemnity was a New Jersey corporation with its principal place of business in Neptune, New Jersey. Security Indemnity was adjudicated insolvent by the Superior Court of New Jersey, Mercer County Chancery Division, General Equity, on or around June 30, 2004.

3. Upon information and belief, the Defendant, NJPLIGA, is a private unincorporated legal entity created pursuant to the provisions of the New Jersey Property-Liability Insurance Guaranty Association Act (NJ Stat Ann § 17:30A-1 et seq.) with a principal place of business located at 59-63 Mine Brook Road, Bernardsville, NJ 07924.

4. On June 30, 2004, the Superior Court of New Jersey, Mercer County, entered a Final Order of Insolvency as to Security Indemnity Insurance Company. The Court further decreed:

   a. that the Commissioner [of Banking and Insurance] is appointed as Liquidator of Security Indemnity with all the powers and authority expressed or implied by N.J.S.A. 17:30C-1, et seq; and further

   b. That the Commissioner [of Banking and Insurance] is directed to liquidate Security Indemnity.

5. The Plaintiff is enjoined from pursuing litigation directly against Security Indemnity and brings his claim against NJPLIGA pursuant to N.J.S.A. 17:30A-8, which provides that NJPLIGA assumes the responsibility and liability of Security Indemnity and can be sued in its place.

6. The Plaintiff brings this action pursuant to Mass. Gen. Laws ch. 214, § 3 and is entitled thereto to reach and apply the amount due Plaintiff from NJPLIGA,

arising out of serious and permanent personal injuries sustained by Plaintiff by Defendant, P&A Logistics, Inc., and its agent, servant, or employee at all times relevant, Mansur A. Rahman.

7. Plaintiff's cause of action arises from the (1) transacting business in Massachusetts; (2) contracting to supply goods in Massachusetts; (3) causing tortious injury by an act or omission in Massachusetts; or (4) causing tortious injury in Massachusetts by an act or omission outside Massachusetts and soliciting business and engaging in a persistent course of conduct or derives substantial revenue from the sale of goods in Massachusetts.

8. This Court has proper subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332 (2005), based on complete diversity of citizenship of the Plaintiff and the Defendant and an amount in controversy in excess of $75,000.00.

9. At all times relevant, Mansur A. Rahman, while in the scope of his employment at P&A Logistics, Inc., drove a tractor trailer on July 25, 2000 and caused a collision with the Plaintiff, Mr. Staples. At the time, Mr. Staples was a pedestrian attempting to cross the street with the right-of-way. As a result of the collision, Mr. Staples was rendered permanently and totally blind in his right eye, at the age of thirty-three years.

10. On September 27, 2001, Plaintiff duly filed suit in Suffolk County, Massachusetts, against P&A Logistics, Inc. and Mansur A. Rahman (CA# 01-4418-A).

11. In or around September, 2001, P&A Logistics, Inc. filed for Bankruptcy pursuant to Chapter 7 of the Bankruptcy Code, and thus afforded the protection of the automatic stay provided under 11 U.S.C. §362 (2005).

12. On June 9, 2004, Plaintiff was granted relief from the automatic stay nunc pro tunc by the Honorable Novalyn L. Winfield of the United States Bankruptcy Court for the District of New Jersey to pursue his claim against P&A Logistics, Inc., to the extent of applicable insurance coverage provided by the Defendant, Security Indemnity.

13. On April 25, 2002, the Honorable Connolly, J., entered an Order of Default against Mansur A. Rahman.

14. On February 11, 2004, the Honorable Sikora, J., presided over an Assessment of Damages Hearing against the defaulted Defendant Mr. Rahman.

15. Security Indemnity was notified via Certified Mail of the Default and the Hearing on the Assessment of Damages. Security Indemnity did not reply to either of Plaintiff's notices, nor did it attend the Hearing.

16. On February 17, 2004, the Honorable Sikora, J. awarded the Plaintiff One-Million-Four-Hundred-Thirteen-Thousand-Fifty-Nine-Dollars and ninety-six cents ($1,413,059.96) plus interest from September 27, 2001.

17. On or around June 29, 2004, Plaintiff forwarded Security Indemnity a demand letter pursuant to Mass. Gen. Laws ch. 93A and 176D, via certified mail, return receipt requested, seeking full satisfaction of the judgment rendered against its insured, P&A Logistics, Inc., pursuant to insurance policy number CA 507569-99.

18. Subject to the New Jersey Superior Court's Final Order declaring Security Indemnity insolvent, the Plaintiff forwarded his June 29, 2004 correspondence, via certified mail, return receipt requested, to NJPLIGA.

19. Despite ample evidence to the contrary, NJPLIGA has refused to honor the judgment against Security Indemnity's insured.

## APPLICABLE LAW

20. At all times relevant, the Federal Motor Carrier Safety Administration promulgated a set of regulations applicable to the instant case, as well as the underlying action, Staples v. P&A Logistics, et al, Suffolk Superior Court, Commonwealth of Massachusetts, CA# 01-4418-A. These are codified in the Code of Federal Regulations as the following, which state in pertinent part as follows:

    a. <u>49 CFR 387.9</u>: "For-hire" motor carriers carrying non-hazardous property must have at least $750,000 in bodily injury insurance coverage.

    b. <u>49 CFR 387.7(b)(1)</u>: An insurance policy shall remain in effect until either the insurer or insured motor carrier gives **35 days' notice** in writing to the other. This notice commences to run from the date notice is mailed and proof of mailing is sufficient proof of notice. (emphasis added).

    c. <u>49 CFR 390.9</u>: The intent of the legislature in promulgating the applicable CFR was designed to provide the minimum standards for, inter alia, the maintenance of insurance coverage, while providing the individual states to provide for more comprehensive standards, but in any event, not less than what was provided for by the CFR. The New Jersey courts have expressly determined that the CFR applies where motor carriers are involved. Canal Ins. Co. v. F.W. Clukey Trucking Co., 295 N.J. Super. 131, 141-2 (1996).

21. Based on the records maintained by the Federal Motor Insurance Carrier Safety Administration, the subject insurance policy, CA 507569-99, was in effect on July 25, 2000, and was not on record as being cancelled until December 14, 2000, nearly five months after the underlying incident giving rise to the Superior Court action against P&A Logistics, Inc. and Mansur A. Rahman. (Exhibit D).

22. At all times relevant, Security Indemnity maintained a bodily injury liability insurance policy in the amount of One-Million Dollars ($1,000,000.00). (Exhibit D). The Federal Motor Carrier Safety Administration has this policy on record as in effect until December 14, 2000.

23. Security Indemnity has alleged that the subject policy had been cancelled on July 6, 2000, prior to the incident. However, 49 CFR 387.7(b)(1) clearly states that a policy, even duly cancelled, shall remain in effect for 35 days after notice is mailed to the insured.

24. Plaintiff was injured on July 25, 2000, only 19 days after the alleged cancellation of the subject policy and thus the incident was covered by Security Indemnity's policy.

25. Security Indemnity, and NJPLIGA, have no grounds to deny coverage for the underlying incident occurring on July 25, 2000.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Bradford Staples, respectfully requests this Honorable Court: a) make a binding declaration pursuant to Mass. Gen. Laws Ch. 231A, § 1, et seq. as to the rights of Bradford Staples and the February 17, 2004 judgment; b) determine and reach and apply pursuant to Mass. Gen. Laws ch. 214, § 3, the available proceeds of the Security Indemnity Insurance Company Policy No. CA 507569-99 for the benefit of Plaintiff Bradford Staples; c) enforce the judgment against NJPLIGA in the amount of $1,413,059.96 plus interest, costs and attorney's fees; and d) provide any other remedy this Honorable Court deems just and proper.

Respectfully submitted,
The Plaintiff, Bradford Staples,
By his attorneys,

Dated: 6/9/05

Fredric A. Swartz, Esq.
Timothy G. Lynch, Esq.
Jennifer David, Esq.
SWARTZ MCKENNA & LYNCH, LLP
45 School Street, 3RD Floor
Boston, MA 02108
Tel: 617-367-2882
Fax: 617-367-2289

≈JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Bradford Staples

**DEFENDANTS**
New Jersey Property Liability and Insurance Guaranty Association

(b) County of Residence of First Listed Plaintiff  **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  **Mercer County, NJ**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Swartz, McKenna & Lynch LLP
Old City Hall
45 School Street
Boston, MA 02148    Tel: 617-367-2882

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a cause of action brought under Mass. Gen. Laws ch. 214, §3 and Mass. Gen. Laws ch. 231 A, §1, et seq for declaratory action against Defendant. Additionally, 28 USCA 1332 (2005)

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $1,413,059.96 + interest
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):
JUDGE
DOCKET NUMBER

DATE  6/9/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>Staples v. New Jersey Property Liability and Insurance Guaranty Association</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   X   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES     (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES     (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES     NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES     (NO)

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION       CENTRAL DIVISION       WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       (EASTERN DIVISION)     CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Timothy G. Lynch, Esq. - Swartz, McKenna & Lynch LLP</u>
ADDRESS <u>Old City Hall; 45 School St; Boston, MA 02108</u>
TELEPHONE NO. <u>617-367-2882</u>

(Cover sheet local.wpd - 11/27/00)