UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
BRADFORD STAPLES,             )
    Plaintiff,                              )
                                              )
V.                                           )      DOCKET NO.  05-11251NG
                                              )
NEW JERSEY PROPERTY      )
LIABILITY AND INSURANCE  )
GUARANTY ASSOCIATION,  )
    Defendant.                           )
_____)

### PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF PROCESS

**NOW COMES** the Plaintiff, Bradford Staples and hereby moves this Honorable Court allow his Motion to Extend Time for Service of Process under Fed. R. Civ. P., Rules 4(m) and 6(b).  In order to comply with Fed. R. Civ. P., Rule 4(d), the Plaintiff had no other option but to address the need to extend time for service of process following the expiration of time permissible to duly serve Defendant.  See Fed. R. Civ. P., Rule 6(b). *Defendant has already been duly served with a Summons and Complaint pursuant to Fed. R. Civ. P., Rules 4(e)(1) and (h)(1), and Mass. Gen. Laws ch. 223A, et seq. on October 17, 2005.*

**AS GROUNDS** therefore, the Plaintiff states that this is a an action seeking declaratory judgment against NJPLIGA, regarding severe and permanent injuries sustained by the Plaintiff, Bradford Staples, including complete and permanent blindness in his right eye.

The Plaintiff further states the following.

I. **PROCEDURAL HISTORY**

This action was commenced by Complaint on or around June 10, 2005. Promptly thereafter, Plaintiff's Counsel contacted the Defendant, New Jersey Property Liability and Insurance Guaranty Association ("NJPLIGA") in order to ascertain whom would be the appropriate individual to accept service on Defendant's behalf, pursuant to Fed. R. Civ. P., Rule 4(h). Plaintiff was instructed to direct such service to Ms. Trisha Young of NJPLIGA. On July 18, 2005, Plaintiff forwarded all documents required by Fed. R. Civ. P., Rule 4(d) to Ms. Young by Certified Mail, Return Receipt Requested, including a Request for Waiver of Service. (**Exhibit A**).

On or around July 25, 2005, Plaintiff was contacted by Mr. Efrain Moran, Claims Examiner for NJPLIGA. Among other things, Plaintiff's Counsel explained that he served the Defendant with a Request for Waiver of Service. Mr. Moran stated that in fact, Ms. Young could not accept service on Defendant's behalf. Plaintiff's Counsel inquired as to whom would be an appropriate individual at NJPLIGA to accept service, however Mr. Moran would not reveal this to Plaintiff's Counsel. Instead, he stated that the case was assigned to the law firm of Gibson & Behman, P.C., and that we should be contacted by them shortly.

As Mr. Moran would not provide Plaintiff's Counsel with a name in order to direct a Waiver of Service, Plaintiff's Counsel relied on Mr. Moran's representation that an attorney from Gibson & Behman would contact her. Plaintiff's Counsel was not contacted thereafter. Subsequently, Plaintiff's Counsel placed another call to Mr. Moran stating that she was not contacted by Counsel and further that she would need the identity of someone at NJPLIGA

2

who can accept Waiver of Service on Defendant's behalf. Instead of providing a name, Mr. Moran again assured that Defense Counsel would contact Plaintiff's Counsel.

Plaintiff's Counsel granted NJPLIGA every courtesy to accept and waive service pursuant to Fed. R. Civ. P., Rule 4(d), however Plaintiff's Counsel had to be mindful of the deadline to effect service of process. When it became clear that Plaintiff's Counsel would not be contacted by any Counsel or provided with an appropriate individual's identity at NJPLIGA to direct Waiver of Service, she contacted NJPLIGA again and obtained the name of the Executive Director, Mr. Joseph Dellafera. As Executive Director, Mr. Dellafera is qualified to accept service on behalf of NJPLIGA. See Fed. R. Civ. P., Rule 4(h)(1). On August 16, 2005, Plaintiff's Counsel forwarded all appropriate documents, including Request for Waiver of Service to Mr. Dellafera by Certified Mail, Return Receipt Requested. (**Exhibit B**).

Mr. Dellafera then had thirty (30) days to complete the Waiver of Service Affidavit and return to Plaintiff. Although Plaintiff's Counsel forwarded this request within the time limits for service pursuant to Fed. R. Civ. P., Rule 4(m), the Defendant's response would not have been due until after the expiration of time for Plaintiff to effect service.

Plaintiff's Counsel was finally contacted by Arthur Maravelis, Esq. of Gibson & Behman. Plaintiff's Counsel explained that either NJPLIGA would waive service as requested by Fed. R. Civ. P., Rule 4(d), or she would have to incur the costs of duly serving Defendant. Plaintiff's Counsel was assured that the she would receive the Waiver of Service.

On or around September 19, 2005, Defendant's Affidavit of Waiver of Service came due. Again as a courtesy, Plaintiff contacted Mr. Maravelis to remind him that the Waiver of Service was due. Plaintiff's Counsel explained to Attorney Maravelis that the Plaintiff could

3

no longer afford to wait or grant any further extensions, and would need to duly serve Defendant. Again, Mr. Maravelis assured Plaintiff's Counsel that it was forthcoming.

Plaintiff's Counsel again provided Defendant with more than adequate time to forward its Waiver of Service, which it wholly failed to do. Plaintiff cannot incur any further unnecessary delay in pursuing his claim against Defendant. Thus, on October 17, 2005, Plaintiff's Counsel forwarded a Copy of the Summons and Complaint, and Cover Sheet, to Defendant pursuant to Certified Mail, Return Receipt Requested. (**Exhibit C**).

## II.   APPLICABLE LAW

Fed. R. Civ. P., Rule 4(m) states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court...shall dismiss the action without prejudice as to that defendant or direct service be effected within a specified time; *provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period*.

(emphasis added). In this case, the putative failure was inevitable and unavoidable. The Plaintiff was confronted with numerous obstacles in his attempt to obtain waiver of service from Defendant within the 120 days permitted by the above rule. Plaintiff's final attempt to obtain waiver of service from a duly authorized individual at NJPLIGA was within the 120 days permitted, however, Fed. R. Civ. P., Rule 4(d)(2)(F) provides the Defendant *at least* thirty (30) days to respond. The Plaintiff was required by this rule to provide the Defendant with the thirty (30) days to respond, even though doing so would cause the time limit for service to lapse. *The Plaintiff could not avoid this lapse*, as the Plaintiff himself would have been in violation of the Fed. R. Civ. P. if he did not provide the Defendant at least thirty (30) days to return its Affidavit of Waiver of Service.

Furthermore, this cause of action, sounding in Contract law, accrued when Plaintiff attempted to collect a judgment issued by the Superior Court of Massachusetts, Suffolk, ss., in February, 2004. The Plaintiff is well within the statute of limitations and therefore, Plaintiff would be permitted to refile his Complaint without this procedural objection. Dismissing Plaintiff's Complaint without prejudice would only serve to unnecessarily tax both the Court and the Plaintiff's time and resources. The Plaintiff brings this Motion in the interest of judicial economy.

Fed.R. Civ. P., Rule 6(b) states in pertinent part:

> When these rules...an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion...upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

In this case, *the act was not the result of neglect at all*. Rather, as explained above, the Plaintiff's own compliance with the Fed. R. Civ. P. resulted in the lapse of time permitted to serve Defendant within the 120 days following the filing of the Complaint.

Defendant has now been duly served with a Summons and Complaint pursuant to Fed. R. Civ. P., Rules 4(e)(1) and (h)(1), and Mass. Gen. Laws ch. 223A, *et seq.*

III.   **CONCLUSION**

**WHEREFORE**, for the aforementioned reasons, and specifically because the Plaintiff's own compliance with the appropriate rules of procedure resulted in the need for this Motion, the Plaintiff respectfully requests this Honorable Court grant his Motion to Extend Time for Service of Process.

>                                         Respectfully submitted,
>                                         Plaintiff, Bradford Staples,
>                                         By his attorneys,

Dated: _____

>                                         _____
>                                         Fredric A. Swartz, Esq.
>                                         Timothy G. Lynch, Esq.
>                                         Jennifer David, Esq.
>                                         SWARTZ MCKENNA & LYNCH, LLP
>                                         45 School Street, 3RD Floor
>                                         Boston, MA 02108
>                                         Tel: 617-367-2882
>                                         Fax: 617-367-2289

**CERTIFICATE OF SERVICE**

I, Jennifer David, counsel for Plaintiff, do hereby certify that on this 18th day of October, 2005, I caused to be served a true copy of the foregoing document upon Defendant, by mailing same, first class mail, postage pre-paid to their counsel of record:

Arthur E. Maravelis, Esq.
Gibson and Behman, P.C.
One Mountain Road
Burlington, MA 01803
781-229-6667

>                                         _____
>                                         Jennifer David

# EXHIBIT A

# SWARTZ McKENNA & LYNCH LLP

*Counsellors at Law*

*Old City Hall*

*45 School Street · Boston, MA 02108*

*Telephone 617-367-2882 · Facsimile 617-367-2289*

*www.swartzmckennalynch.com*

July 18, 2005

VIA CERTIFIED MAIL
NO. 7000 0600 0020 8560 8969
<u>RETURN RECEIPT REQUESTED</u>

Ms. Trisha Young
New Jersey Property Liability Insurance Guaranty Association
222 Mount Airy Road
Basking Ridge, NJ 07920

      RE:    Your Insured: P&A Logistics, Inc.
              Policy #:    CA 507569-99
              Claim #:    4165-17
              DOL:       7/25/00
              Our Client:  Bradford Staples
              <u>Out File #:   1156</u>

Dear Ms. Young:

    Enclosed herewith please find the following documents regarding the above captioned matter:

1. Copy of the Notice of Lawsuit and Request for Waiver of Service of Summons;

2. Copy of the original Complaint;

3. Two copies of the Waiver of Service of Summons; and

4. Our self-addressed, stamped envelope.

    Should you have any questions regarding this matter, please do not hesitate to contact this office.

                                      Very truly yours,

                                      Jennifer David

JD/dmm
Enc.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) c. Restoppia  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Trisha Young<br>NJPLIGA<br>222 Mount Airy Rd<br>Basking Ridge NJ<br>07920 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br>RECEIVED<br>JUL 2 1 2005<br>N.J.P.L.I.G.A.<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7000 0600 0020 8560 8969 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7000 0600 0020 8560 8969

| | | |
|---|---|---|
| Article Sent To: | | |
| Postage | $ | |
| Certified Fee | | Postmark<br>Here |
| Return Receipt Fee<br>(Endorsement Required) | | |
| Restricted Delivery Fee<br>(Endorsement Required) | | |
| Total Postage & Fees | $ | |

Name (Please Print Clearly) (to be completed by mailer)
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, July 1999    See Reverse for Instructions

# EXHIBIT B

# SWARTZ McKENNA & LYNCH LLP
*Counsellors at Law*
*Old City Hall*
*45 School Street · Boston, MA 02108*
*Telephone 617-367-2882 · Facsimile 617-367-2289*
*www.swartzmckennalynch.com*

August 16, 2005

VIA CERTIFIED MAIL
NO. 7000 0600 0020 8560 9058
RETURN RECEIPT REQUESTED

Mr. Joseph Dellafera
Executive Director
New Jersey Property Liability Insurance Guaranty Association
222 Mount Airy Road
Basking Ridge, NJ 07920

RE:  Your Insured: P&A Logistics, Inc.
     Policy #:      CA 507569-99
     Claim #:       4165-17-B
     DOL:           7/25/00
     Our Client:    Bradford Staples
     Out File #:    1156

Dear Mr. Dellafera:

On or around July 18, 2005, we forwarded the below to Ms. Trisha Young, via certified mail, return receipt requested. The claim was transferred for handling to Claims Examiner, Efrain C. Moran. To date, the Waiver of Service has not been received.

I am forwarding the following documents to your attention. Kindly execute the Waiver of Service and Summons within the time permitted by the Federal Rules of Civil Procedure.

1. Copy of the Notice of Lawsuit and Request for Waiver of Service of Summons;

2. Copy of the original Complaint;

3. Two copies of the Waiver of Service of Summons; and

4. Our self-addressed, stamped envelope.

Mr. Joseph Dellafera
August 16, 2005
Page 2

      Should you have any questions regarding this matter, please do not hesitate to contact this office.

                                          Very truly yours,

                                          Jennifer David

JD/dmm
Enc.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>V. Ristoppi |
| 1. Article Addressed to:<br>Joseph Dellafera<br>NJ PLIGA<br>222 Mount Airy Rd<br>Basking Ridge NJ<br>07920 | D. Is delivery address different from item 1? ☐ Yes  ☐ No<br>If YES, enter delivery address below:<br>**RECEIVED**<br>**AUG 2 3 2005**<br>**N.J.P.L.I.G.A.**<br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☑ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7000 0600 0020 8560 9058 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:

Postage   $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees   $

Postmark Here

Name (Please Print Clearly) (to be completed by mailer)
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7000 0600 0020 8560 9058

PS Form 3800, July 1999    See Reverse for Instructions

# EXHIBIT C

# SWARTZ McKENNA & LYNCH LLP
*Counsellors at Law*

*Old City Hall*
*45 School Street · Boston, MA 02108*
*Telephone 617-367-2882 · Facsimile 617-367-2289*
*www.swartzmckennalynch.com*

October 17, 2005

VIA CERTIFIED MAIL
NO. 7004 2510 0001 6229 6861
RETURN RECEIPT REQUESTED

Mr. Joseph Dellafera
Executive Director
New Jersey Property Liability Insurance Guaranty Association
222 Mount Airy Road
Basking Ridge, NJ 07920

|     |                |                   |
| --- | -------------- | ----------------- |
| RE: | Your Insured:  | P&A Logistics, Inc. |
|     | Policy #:      | CA 507569-99      |
|     | Claim #:       | 4165-17-B         |
|     | DOL:           | 7/25/00           |
|     | Our Client:    | Bradford Staples  |
|     | Out File #:    | 1156              |

Dear Sir/Madam:

Pursuant to Mass. R. Civ. P. 4(e), the following documents are being served upon you as a named Defendant in the above-captioned matter:

1. Copy of Summons;

2. Copy of the Complaint; and

3. Copies of the Cover Sheets.

Please be advised that Defendant has failed to return the Affidavit of Waiver of Service sent on June 21, 2005, July 15, 2005, and August 17, 2005, and that the enclosed Summons and Complaint are being served pursuant to F.R.C.P. 5(e)(1) and (h)(1); and Mass. Gen. Laws ch. 223A, et seq. Since we filed suit, we have been advised by both Efrain Moran of NJPLIGA and then NJPLIGA's counsel, Arthur Maravelis, that the waiver would be provided to us. We have granted NJPLIGA the courtesy of many extensions to submit this waiver, but to date it has not been submitted.

NJPLIGA
October 17, 2005
Page 2

       Should you have any further questions regarding this matter, please do not hesitate to call.

                           Very truly yours,

                           Donna M. Morelli
                           Assistant to Timothy G. Lynch

/me
enc.
Cc:    Arthur E. Maravelis, Esq. (w/ enc.)